[S. F. No. 15415.   In Bank.—January 29, 1936.]

GENERAL PIPE LINE COMPANY OF CALIFORNIA (a Corporation), Respondent, v. STATE BOARD OF EQUALIZATION et al., Appellants.

U. S. Webb, Attorney-General, John J. Dailey and H. H. Linney, Deputies Attorney-General, Everett W. Mattoon, County Counsel, Los Angeles, and S. B. Kaufman, District Attorney, Orange County, for Appellants.

Eugene D. Bennett, W. L. Appleford, Harris F. Shaw and Martin J. Weil for Respondent.

THE COURT.—A rehearing was granted in this case in order that we might consider and determine the issue as to what properties are included within the term "inter-county pipe lines", for purposes of taxation. We are satisfied with our previous determination of the major controversy, and accordingly adopt the following portion of our original opinion by Mr. Justice Thompson as part of our present opinion:

"The plaintiff commenced this action for declaratory relief, and secured a judgment, from which the defendants prosecute this appeal.

"The appellants and respondents agree upon the question involved, which is as follows: 'Is it the duty of the State Board of Equalization under the provisions of section 14 of article XIII of the Constitution and section 3663a of the Political Code, to assess the intercounty oil pipe line of plaintiff company, when such property is used for private and not public utility purposes, or should such property be assessed by local assessors?'

"The pertinent language of the section referred to reads as follows: 'All pipe lines, flumes, canals, ditches and aqueducts not entirely within the limits of any one county, and all property other than franchises, owned or used by (1) railroad companies including street railways, herein defined to include interurban electric railways, whether operating in one or more counties, (2) sleeping car, dining car, drawing room car, and palace car companies, refrigerator, oil, stock, fruit and other car-loaning and other car companies operating upon the railroads in the state, (3) companies doing express business on

any railroad, steamboat, vessel or stage line in this state, (4) telegraph and telephone companies, (5) companies engaged in the transmission or sale of gas or electricity, shall be assessed annually by the State Board of Equalization at the actual value of such property.

" 'All property so assessed by said board shall be subject to taxation to the same extent and in the same manner as other property.'

"Section 3663a of the Political Code requires the Board of Equalization to assess the property enumerated in section 14, article XIII, of the Constitution giving them the authority to exact and require the information for that purpose.

"In the instant case, the board required the respondent to report upon its pipe line, part of which is in Orange county and part in Los Angeles county, whereupon this action was commenced to determine the right of the board to assess.

"The appellants insist that the plain unambiguous language of the constitutional amendment places the responsibility upon the Board of Equalization, while the respondent argues that the amendment was adopted for the sole purpose of returning the property of public utilities to the tax rolls of the counties and hence should be construed to refer only to property of public utilities.

"It is to be observed that proposition 30, which was adopted by the people at the special election held in June, 1933, included not only the amendment now under scrutiny but also a number of other constitutional changes dealing with such subjects as appropriations from the general fund, power of the legislature to tax counties and cities, the limitation on expenditures by political subdivisions of the state, appropriations for the support of schools by the state, taxation of banks and several others. In fact, the tax structure of the state was to a large extent recast. ▌ When we read the language of section 14 of article XIII, already quoted, we notice that the words 'All pipe lines, flumes, canals, ditches and aqueducts not entirely within the limits of any one county and' might have been omitted from the amendment had it been the intent to include within its scope only the property of public utilities. ▌ In other words, there are two classes of property enumerated in the section—first, pipe lines, flumes, etc., and, second, all property, other than franchises, of public utilities. We entertain no doubt that the clearly expressed intent of

the amendment was to make the Board of Equalization, for the sake of uniformity and in order to avoid the temptation which might exist in one of the counties to assess at more than its just proportion, the assessor of the property described, whether the lines or ditches be extensive, as in the case of a water department of a municipality, which in legal parlance is more properly classified as a municipal utility than as a public utility, subject to the jurisdiction of the railroad commission (see 22 Cal. Jur. 9; *City of Pasadena* v. *Railroad Commission*, 183 Cal. 526 [192 Pac. 25, 10 A. L. R. 1425]; *Water Users etc. Assn.* v. *Railroad Commission*, 188 Cal. 437 [205 Pac. 682]; *Jochimsen* v. *City of Los Angeles*, 54 Cal. App. 715 [202 Pac. 902]), or comparatively small as may be the case otherwise. ▆▆▆ One of the first rules of construction is that where the language is plain and unambiguous there exists no room for construction. We think such is the present case.''

▆▆▆ Plaintiff contends that the court below erred in its finding as to what items of property were included within the term ''inter-county pipe line''. The position of plaintiff is that if the Board of Equalization be held to have the power to assess such property, it must confine its assessment strictly to the ''pipe line''; that it cannot assess pumps, boilers, engines, etc., which, though part of the system and necessary to its operation, are not pipe lines. This is, in our view, a narrow and unwarranted interpretation. We think it clear that the pipe line herein includes not only the pipe, but the appurtenances necessary to its proper functioning as such. Evidence as to what were these appurtenances was submitted to the court below, and the finding of that court is, in our opinion, a reasonable and proper determination of the items constituting plaintiff's pipe line. The court found that it included the following:

''The line of pipe, together with couplings, collars, valves and fittings, with protection covers; the structures supporting or encasing the pipe, above or below ground or under water; the pumps, boilers, engines, motors, manifolds, intakes, header station, control valves and auxiliary equipment attached to and connected therewith and necessary to the operation of the said major station units, receiving, shipping, flow, balance and surge tanks, together with the suction from leased storage tanks, to, by and through pumping stations, when such pumps,

tanks and so forth are essential and part of and necessary to the use and operation of the pipe line.''

The judgment is reversed, save as to the finding on the issue of the items constituting plaintiff's pipe line, and on that issue the finding and judgment of the court is approved and affirmed.