[Civ. No. 10552. First Appellate District, Division Two.—January 6, 1939.]

BROOKE MOHUN, Appellant, v. RUSSELL L. WOLDEN, as Assessor, etc., Respondent.

Frank T. O'Neill and Brooke Mohun, *in pro. per.*, for Appellant.

John J. O'Toole, City Attorney, and Reynald J. Bianchi, Deputy City Attorney, for Respondent.

STURTEVANT, J.—The plaintiff applied to the superior court for a writ of *mandamus*. An alternative writ was issued and thereafter the defendant appeared and filed a demurrer. After hearing the parties present the questions of law the trial court sustained the demurrer without leave to amend. Judgment was entered in favor of the defendant. From that judgment the plaintiff has appealed.

In his petition the plaintiff alleged that he is a legal resident of this state and that he is a veteran of the world war and holds an honorable discharge; that on the 24th day of June, 1936, he filed with Russell L. Wolden, as the assessor of the city and county of San Francisco, an affidavit demanding an exemption of certain property from taxation to the extent of $1,000; that the property on which he demanded said exemption is of the value of $210; that the defendant allowed petitioner an exemption of $100 as a householder and no more, leaving property of the value of $110 subject to taxation; that the said property of the value of $210 is all of the property of petitioner in this state subject to taxation; that he has no other property in this state or elsewhere of a value in excess of $5,000; that he is a married man and that his wife owns property in this state in excess of $5,000; and that on the 24th day of June, 1936, the defendant refused to grant petitioner's said demand.

A copy of the plaintiff's demand on the defendant was pleaded by the plaintiff *in haec verba* and accords with the allegations hereinabove set forth. ▮▮▮ The plaintiff states his contentions in five different points but all of them are but different methods of presenting his sole contention, which is a claim that a part of section $1\frac{1}{4}$ of article XIII, denies an exemption to a man but grants the same exemption to a woman. In other words, the plaintiff claims section $1\frac{1}{4}$ of article XIII is class legislation. The vice in that claim is that there is not a word in the section susceptible of such construction. The section was originally enacted October 10, 1911. At that time a woman veteran had never been heard

of. It is clear, therefore, that the original section presumptively made no mention of women veterans. From time to time after the year 1911 the section was amended. The last amendment occurred November 8, 1932. Omitting certain of the amendments that are not material to the question before us, said section reads as follows: "The property to the amount of one thousand dollars of every *resident* of this state who has served in the Army, Navy, Marine Corps or revenue Marine service of the United States in time of war, and received an honorable discharge therefrom, . . . or lacking such amount of property in his own name, so much of the property of the wife of any such person as shall be necessary to equal said amounts: and the property to the amount of one thousand dollars of the widow resident in this state, or if there be no such widow, of the widowed mother resident in this state, of every person who has so served and has died during his term of service or after receiving an honorable discharge from said service, . . . and the property to the amount of one thousand dollars of pensioned widows, fathers and mothers, residents in this state, of soldiers, sailors and marines who served in the Army, Navy or Marine Corps or revenue Marine service of the United States shall be exempt from taxation *provided,* this exemption shall not apply to any person named herein owning property of the value of five thousand dollars or more, *or where the wife of such soldier or sailor owns property of the value of five thousand dollars or more.* No exemption shall be made under the provisions of this act of the property of a person who is not a legal resident of the state: . . . ". What remains is merely in substance the provision that was enacted in 1911. It will be observed the section grants (1) to veterans an exemption in the sum of $1,000; (2) an exemption in the same sum to the widow, etc., of a veteran; (3) an exemption to the pensioned widows, etc., of said veterans. Said grants are clearly in behalf of men veterans and those claiming under and through such veterans. No single word is contained in the section recognizing the existence of women veterans. The plaintiff italicizes the word "resident" in the second line of the section and argues therefrom that in the broad meaning of the word it applies to a woman as well as to a man, however, there was nothing in the history of the section showing it had any such meaning when placed in the section in 1911. Having made the

first grant as to a veteran's property in the sum of $1,000, the section continues, "or lacking such amount of property in his own name, so much of the property of the wife of any such person as shall be necessary to equal said amounts . . .". That language clearly shows that the framers of the section were making the grant to men and not to women nor to both men and women. The plaintiff italicizes and stresses the proviso, " . . . *provided,* this exemption shall not apply to any person named herein owning property of the value of $5,000 or more, *or where the wife of such soldier or sailor owns property of the value of $5,000 or more".* That proviso limits the men who may make claims for exemption but it does not create any right whatever in behalf of women.

The claim of the plaintiff is without merit. The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.