[S. F. No. 16508.   In Bank.—March 18, 1941.]

FLORENCE LOCKHART, Petitioner, v. RUSSELL L. WOLDEN, as Assessor, etc., Respondent.

Pillsbury, Madison & Sutro, Eugene D. Bennett, John P. Beale, Eugene M. Prince and Gerald S. Levin for Petitioner.

Earl Warren, Attorney-General, James H. Oakley, Deputy Attorney-General, Ralph E. Hoyt, District Attorney (Alameda), J. F. Coakley, Chief Assistant District Attorney, and Lynn J. Gillard, Deputy District Attorney, as *Amici Curiae,* on Behalf of Petitioner.

John J. O'Toole, City Attorney, Sylvain D. Leipsic and Albert Skelly, Deputies City Attorney, for Respondent.

CURTIS, J.—This is an original proceeding in which the petitioner asks this court to issue its writ of mandate directed to respondent, as Assessor of the City and County of San Francisco, State of California, compelling him to allow to petitioner the exemption specified in section 1¼ of Article XIII of the Constitution of the State of California, adopted in 1911 and as amended in November, 1932. The case was submitted on general demurrer to the petition.

The facts stated in the petition are briefly as follows: Petitioner, a single woman and a legal resident of this state, is a veteran of the World War, having served in the Army of the United States from 1917 to 1919 as a member of the Army Nurse Corps, and holds an honorable discharge. On May 31, 1940, she filed with Russell L. Wolden, as Assessor of the City and County of San Francisco, an affidavit (pursuant to section 3612 of the Political Code) demanding an exemption of certain property from taxation to the extent of $1,000. The property on which she demanded an exemption is of the value of $400. The respondent allowed petitioner an exemption of $100 as a householder and no more, leaving property of the value of $300 subject to taxation. The said property of the assessed value of $300 is all of the property of petitioner in this state subject to taxation, and she has no other property in this state or elsewhere of a value in excess of $5,000. On the 15th day of October, 1940, respondent refused to grant petitioner's said demand on the ground that said section of the Constitution granting certain exemption from taxation did not apply to petitioner because she was a woman. This proceeding was then instituted.

This case involves two questions: (1) The question on the merits as to whether petitioner is entitled to the exemption claimed by her under section 1¼ of Article XIII of the Constitution; and (2) the procedural question as to whether she

is entitled to the particular relief here sought. We shall consider the above matters in the order indicated.

The pertinent part of section 1¼ of Article XIII reads as follows:

"The property to the amount of one thousand dollars of *every resident of this State* who has served in the army, navy, marine corps or revenue marine service of the United States in time of war, and received an honorable discharge therefrom . . . shall be exempt from taxation." (Emphasis added.)

Since respondent refused petitioner's claim on the sole ground that this section does not grant an exemption to women, we shall first consider whether or not the scope of the language employed in this provision permits of its applicability to every person who fulfills its requirements as to wartime service, regardless of sex. Respondent referring to the history of the times when this constitutional provision was enacted, contends that this section was not intended to apply to women and cannot apply to any class not in existence at the time of its enactment in 1911. But this statement is inaccurate, for there were "women veterans" long before 1911; women nurses had by express statute been part of the Navy since 1908 [35 Stat. 146, 34 U. S. C., § 41] and had been part of the Army since the Civil War [27 Stat. 348, 38 U. S. C., § 311]. Then when the World War came along, our state legislature amended section 3612 of the Political Code, which defines "recognized wars" within the meaning of section 1¼ of Article XIII of the Constitution, to include the "War with Germany-Austria, April 6, 1917, to and including November 11, 1918". (Stats. 1919, p. 306; Stats. 1929, p. 441.) In so doing, the state legislature was only applying to the construction of this section a well-settled principle of law "that legislative enactments in general and comprehensive terms, prospective in operation, apply alike to all persons, subjects and business within their general purview and scope coming into existence subsequent to their passage". (25 R. C. L. 778.)

The exemption runs to "every resident of this State," a phrase so general and all-inclusive in character as to render it incapable of limitation to men only. No amount of interpretation can turn the words "every resident" in such a manner as to exclude either the masculine or feminine gender.

Confirmatory of the comprehensive meaning given to this constitutional provision is said section 3612 of the Political Code, enacted as a regulation for the exercise of the right to this exemption and directed to ''Every person entitled to or applying for the exemption from taxation or license specified in said provision of the Constitution . . . ''. The state legislature used the broadest possible language and thus gave double evidence that it did not consider that the constitutional provision makes any distinction between men and women.

■ ''One of the first rules of construction is that where language is plain and unambiguous there exists no room for construction.'' (*General Pipe Line Company of California* v. *State Board of Equalization,* 5 Cal. (2d) 253, 256 [54 Pac. (2d) 18].)

■ Supplementing his discussion of the question of construction, respondent calls attention to the fundamental tenet that constitutional provisions and statutes exempting property from taxation are strictly construed. (*Cypress Lawn Cemetery Assn.* v. *San Francisco,* 211 Cal. 387 [295 Pac. 813] ; 23 Cal. Jur., p. 806, sec. 813.) We are in accord with this general principle and we do not question the prevailing line of authority endorsing its application to matters involving the state's power to tax, but it is subject to the rule just stated, that where the language of a statute is clear, plain and unambiguous there is no room for construction, strict or otherwise. (23 Cal. Jur., p. 721; *Norcop* v. *Jordan,* 216 Cal. 764, 770 [17 Pac. (2d) 123] ; *Bourland* v. *Hildreth,* 26 Cal. 161, 180.)

As authority for his disallowance of the exemption to petitioner respondent cites the recent case of *Mohun* v. *Wolden,* 30 Cal. App. (2d) 280 [86 Pac. (2d) 152]. In that case Mohun applied to the superior court for a writ of *mandamus* against Assessor Wolden. Mohun, a World War soldier holding an honorable discharge, owned $210 worth of property. The assessor refused to allow Mohun the exemption from taxation granted by section 1¼ of Article XIII on the ground that the latter's wife (not a veteran) owned property in excess of the value of $5,000. In denying his claim, the assessor was complying strictly with the terms of said section, which limit the class of persons who are entitled to the exemption theretofore granted, in the following language:

"provided, this exemption shall not apply to any person named herein owning property of the value of five thousand dollars or more, or where the wife of such soldier or sailor owns property of the value of five thousand dollars or more." Thus it is apparent that the Mohun case involved not the part of section $1\frac{1}{4}$ of Article XIII which is the subject of our present consideration, but the proviso in that section as above quoted.

Mohun contended that that part of the proviso denying exemption to a veteran "where the wife of such soldier or sailor owns property of the value of five thousand dollars or more" was in violation of the United States Constitution as being class legislation. His argument in substance was that both male and female veterans were in the same class and that it would be discriminatory to deny the exemption to male veterans whose wives owned property of a value of $5,000 or more, yet grant the exemption to female veterans irrespective of the value of property owned by their husbands. The District Court of Appeal overruled Mohun's claims and upheld the assessor, stating at page 283 of its opinion: "That proviso limits the men who may make claims for exemption but it does not create any right whatever in behalf of women." The ruling just quoted decided the only issue in that case, i. e., the construction of the proviso.

The question of whether men only or men and women veterans were granted exemptions by section $1\frac{1}{4}$ of Article XIII of our State Constitution was not before the district court. The proviso involved in the Mohun case is simply an exception to the general clause granting the exemption to all residents with the requisite service. Whatever may be the construction of the proviso, the fact remains that no construction of it could nullify the express grant of exemption made by section $1\frac{1}{4}$, which grant is the provision involved in the present case, and it is our opinion that its language is broad enough to include and permit exemption to women whose service and discharge meet the requirements laid down therein.

Having decided the question of construction of section $1\frac{1}{4}$ of Article XIII of our Constitution in favor of petitioner, we now turn our attention to the procedural phase of this proceeding. To facilitate our examination of this question, we shall consider its component parts under the following

subdivisions: (1) adequacy of remedy; and (2) propriety of petitioner's application to this court in the first instance.

Section 1086 of the Code of Civil Procedure dealing with the writ of mandate provides: "The writ must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law. It must be issued upon the verified petition of the party beneficially interested."

No remedy other than *mandamus* would afford petitioner the remedy to which she is entitled, namely, cancellation of the assessment. (*Babcock* v. *Goodrich,* 47 Cal. 488, 508.) The well-settled rule that a plaintiff who recovers wrongfully collected taxes cannot recover interest prior to judgment (*Engebretson* v. *City of San Diego,* 185 Cal. 475, 479, 480 [197 Pac. 651]) is a further reason why any remedy at law by payment of the tax and suit to recover would not be adequate, and it was so held in the case of *Birch* v. *Board of Supervisors,* 191 Cal. 235, 237 [215 Pac. 903], in a proceeding to review the action of the board of supervisors in raising the assessment upon property belonging to plaintiffs. Though we recognize that the interest item upon this particular assessment is small, it becomes very substantial when the rights of taxpayers situated similarly to petitioner are taken into consideration. Any other procedure would involve a multiplicity of suits, for the question as to the right to the exemption here claimed by petitioner applies to other women veterans in California—petitioner alleges there are approximately two thousand—in the same way as to petitioner. Thus this situation appears to be of considerable public importance, and the fact that complete and final relief may be given to this group of taxpayers by the issuance of a single writ further fortifies petitioner's argument supporting the propriety of this particular proceeding.

Respondent's admitted sole reliance on *Mohun* v. *Wolden, supra,* a decision of the District Court of Appeal, in denial of petitioner's right to the exemption embraced in section 1¼ of Article XIII furnishes sufficient reason for petitioner's application to this court in the first instance. The Attorney-General of the State of California appearing as *amicus curiae* herein avers that the administration of this veterans' exemption provision has been thrown into considerable confusion as the result of the Mohun decision, some

assessors allowing the exemption to women on authority of administrative instructions expressing doubt as to the controlling effect of the Mohun case under those circumstances, and others refusing it on alleged governing authority of the opinion of the district court in that case. These conditions productive of a conflict of official action in the administration of the tax laws convince us that this situation can be clarified only by decision of this court. (*Dufton* v. *Daniels,* 190 Cal. 577, 581 [213 Pac. 949]; *San Diego etc. Ry. Co.* v. *State Board,* 165 Cal. 560, 564 [132 Pac. 1044]; *Scott* v. *Boyle,* 164 Cal. 321, 323 [128 Pac. 941]; *Grand Lodge, etc.,* v. *Markham,* 102 Cal. 169, 170 [36 Pac. 423].)

Ordered that a peremptory writ of mandate issue in accordance with the prayer of petitioner.

Shenk, J., Edmonds, J., Traynor, J., Carter, J., and Gibson, C. J., concurred.