[Civ. No. 12737. Third Dist. Mar. 30, 1971.]

JESUS J. BETANCOURT, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD et al.,
Respondents;
HOLLAND-AMERICA INSURANCE COMPANY,
Real Party in Interest.

COUNSEL

LeProhn & LeProhn, Eugene C. Treaster and Joseph S. Samuel for Petitioner.

Rupert Pedrin and Jon L. Gateley for Respondents.

Sedgwick, Detert, Moran & Arnold and Michael Laughlin for Real Party in Interest.

OPINION

**PIERCE, P. J.**—In this mandamus proceeding petitioner Betancourt seeks an order compelling the Workmen's Compensation Appeals Board and/or its referee to comply with the provisions of rule 10832 of the board's Rules of Practice and Procedure.[1]

On May 8, 1969, petitioner injured his hip while lifting lumber in the course of his employment. His employer's compensation carrier was Holland-America Insurance Company ("carrier"). On July 3, 1969, petitioner filed an application before the board. A hearing was held before respondent referee. At this hearing two medical doctors representing the carrier, Gilbert Kucera, M.D., an orthopedist, and Lyman Maass, M.D., a neurosurgeon, filed reports. Robert F. Fischel, D.C., a licensed chiropractic practitioner, testified on behalf of petitioner. Dr. Maass' report stated "from a neurosurgical viewpoint, there are no therapeutic or diagnostic suggestions to offer." Dr. Kucera's report stated, "I do not feel that any further treatment will be necessary." Part of Dr. Fischel's testimony is set forth in the referee's summary as follows: "[H]e believes the applicant will need further care to do what he is doing now, which is fork-lift driving and lumber handling. He does not believe that the applicant would have been able to continue working if he had not received the care." No other doctors rendered opinions in the case.

Petitioner received findings and award from the board on February 20, 1970. The award provided in relevant part that petitioner should receive further medical treatment for his industrial injury upon demand to the carrier.

The carrier wrote petitioner that upon his demand medical treatment

---

[1]That rule provides that "[t]he Appeals Board or referee may, upon the request of a complaining party, issue an order to show cause directing the employer or insurance carrier to appear and show cause why there has not been compliance with the order, decision, or award of the Appeals Board."

would be authorized to be performed by Dr. Maass. That doctor examined petitioner. He reported: "From a neurosurgical viewpoint, there are no therapeutic or diagnostic suggestions to offer and it would seem in order for him to be evaluated orthopedically in regard to any long term therapy."

Defendant insurance company then referred petitioner to Dr. Kucera again for examination on April 17, 1970. A report dated April 20, 1970, by Dr. Kucera, stated, "In my opinion, no further specific treatment is indicated in regard to the accident on May 8, 1969." He also added, "I do not feel that chiropractic manipulation is necessary."

After that the carrier refused chiropractic treatment. There were further negotiations. Treatment was offered by the carrier to be furnished by the same two doctors who had twice emphatically declared that treatment was unnecessary and one of whom had warned against chiropractic practitioners. Or the carrier offered to submit a panel—on which no chiropractor would appear—of medical doctors from whom petitioner could seek treatment.

At this point it became evident that petitioner, so far as the carrier was concerned, was on a merry-go-round. He reasoned that the board had effectually made an award that the medical treatment found to be necessary was intended to be chiropractic. His syllogism could be expressed as follows: at the hearing both carrier-appointed doctors had expressed opinions that further treatment in their fields of medicine was unnecessary. Only the chiropractic practitioner had stated an opinion that further treatment on the contrary WAS necessary and that such treatment should be chiropractic. The board had made an award that petitioner should have further treatment. Since the only evidence in the record which could justify such an award was the testimony of the chiropractor the award of necessity must be contemplated that petitioner be offered chiropractic treatment. (The logic, to this court, appears flawless.) Petitioner urged the board and its referee to issue an order to show cause why the carrier had not complied with the award. (Rule 10832; see fn. 1.) They refused to do so; in fact, they refused to act at all, claiming they were powerless to interfere with the carrier's complete control of the matter. (Lab. Code, § 4600, but see *Zeeb* v. *Workmen's Comp. App. Bd.* (1967) 67 Cal.2d 496, 501 [62 Cal.Rptr. 753, 432 P.2d 361]; *Gallegos* v. *Workmen's Comp. App. Bd.* (1969) 273 Cal.App.2d 569, 573 [78 Cal.Rptr. 157].) This petition followed. ■ The action requested should have been granted.

The California Constitution, article XX, section 21, vests the Legislature with "plenary power . . . to create, and enforce a complete system of workmen's compensation." This court is not interested in quarrels between practitioners of the healing arts as to which possesses a higher (or exclusive) proficiency. The Legislature has spoken and has said: "Physi-

cian includes physicians and surgeons, optometrists, dentists, podiatrists, and osteopathic and chiropractic practitioners licensed by California state law and within the scope of their practice as defined by California state law." (Lab. Code, § 3209.3.)

Labor Code section 3209.5 provides in relevant part: "Medical, surgical, and hospital treatment . . . includes . . . services and supplies by osteopathic and chiropractic practitioners as licensed by California State law and within the scope of their practice as defined by law."

There is no question that treatment by a chiropractic practitioner was within the ambit of these sections as applied to the facts of this case. (See *California Comp. & Fire Co.* v. *Workmen's Comp. App. Bd.* (1968) 267 Cal.App.2d 297, 300-301 [72 Cal.Rptr. 782].) There is no question either that effectually the carrier here was trying to repeal this legislation—in a circuitous way. In their briefs respondents seem to concede this when they say: "it would appear from the facts of the instant case that the carrier has lost control over the medical treatment by continually referring Betancourt for treatment to doctors who say that no treatment is necessary. Such an approach seems tantamount to a denial of medical treatment."

But, contend respondents, mandamus is not the proper remedy. Issuance of an order to show cause was discretionary. Petitioner's remedy at law was adequate. A formal petition to the referee should first have been made; in the event of an erroneous decision there should have been a petition to the board; if the board then still legally erred, an appeal for judicial review could have been made. (See *Kauffman* v. *Workmen's Comp. App. Bd.* (1969) 273 Cal.App.2d 829, 838-840 [78 Cal.Rptr. 620]; *Zeeb* v. *Workmen's Comp. App. Bd., supra,* 67 Cal.2d 496, 501-502.)

### MANDAMUS AS A PROPER REMEDY

Labor Code section 5955 expressly provides that in a proper case a "writ of mandate shall lie from the Supreme Court or a court of appeal" to compel the board to perform its duties.

Admittedly mandamus has seldom, if ever, been used. Respondents argue that fact as a basis for denial of the writ. It is a remedy given statutory approval. If it fits the facts of this proceeding rarity of its applicability will not be a reason for denial.

Mandamus will lie to compel the performance of an act enjoined by law. (Code Civ. Proc., § 1085.) The writ will not issue to compel a discretionary act (*Faulkner* v. *California Toll Bridge Authority* (1953) 40 Cal. 2d 317, 326 [253 P.2d 659]), or where an adequate remedy exists at law.

(Code Civ. Proc., § 1086; *Lockhart* v. *Wolden* (1941) 17 Cal.2d 628, 633 [111 P.2d 319].)

Rule 10832, which authorizes the referee to issue an order to show cause in case of noncompliance, is phrased in discretionary language in that it provides that the order "may" issue. ██ ██ Under certain circumstances, however, it is well settled that the word "may" can be construed as mandatory rather than permissive (*Hollman* v. *Warren* (1948) 32 Cal.2d 351, 356 [196 P.2d 562]), and that mandamus will lie to correct an abuse of discretion including an abuse occurring by virtue of a failure to exercise discretion. (*Erlich* v. *Superior Court* (1965) 63 Cal.2d 551, 556 [47 Cal.Rptr. 473, 407 P.2d 649]; *Dunzweiler* v. *Superior Court* (1968) 267 Cal.App.2d 569 [73 Cal.Rptr. 331].) We hold "may" was mandatory here.

As has been shown, the reasons given by the referee as those proscribing the requested action are without validity. Accordingly, he improperly failed to exercise his discretion.

██ Labor Code section 5952 prescribed the purposes for which a writ of review may be issued. We need not enumerate them in this opinion. Neither will we pause to speculate whether the language of the section might possibly be stretched to apply here. If mandamus is appropriate no reason exists not to apply it. Moreover, petitioner does not seek to review the findings and award. He is satisfied with it. He wants to enforce his rights under it. This is a case in which respondents are refusing to enforce an award of their own making. Contrary to the contention of respondents petitioner *has* exhausted his effective administrative remedies. Respondents through a mistaken belief in a nonexistent limitation of their right to control the carrier are refusing to perform a duty which the law specifically enjoins upon them as a duty arising from their public office.

Let the peremptory writ issue commanding respondents to perform the duty expressed in rule 10832.

Regan, J., and Bray, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.