[No. A024222. First Dist., Div. Three. Aug. 23, 1984.]

DEBORAH FAITH DERRICK, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
DEPARTMENT OF CORRECTIONS, Respondents.

COUNSEL

Jo Ann Novoson, Alfred Lombardo and Rucka, O'Boyle & Lombardo for Petitioner.

Richard W. Younkin, William B. Donohoe, Alvin R. Barrett, Louis Harris, John A. Krimen, Michael J. Brodie, Arthur Hershenson and Fernando Da Silva for Respondents.

OPINION

**BARRY-DEAL, J.**—We issued a writ on the petition of the employee to review an order of the Workers' Compensation Appeals Board (Board) denying reconsideration of an award of future medical expenses for the employee which expressly excluded chiropractic treatment. The employee contends that the Board exceeded its authority in excluding the treatment of her choice and that the award must be modified to include chiropractic treatment pursuant to the provisions of Labor Code section 4600.[1] We agree and direct the Board to modify the award accordingly.

### Background

The employer, State of California, Department of Corrections (Department), and Deborah Faith Derrick, a correctional officer with the Department (applicant or employee), stipulated that the head and back injuries suffered by applicant in an automobile accident in May 1980 were in the course of her employment and that she lost no compensable time as a result of her injuries.

After initial emergency hospital care, applicant was treated by several physicians, including one who referred her to Theodore Gray, D.C., in February 1981 for chiropractic treatment. Dr. Gray continued his treatment of applicant until her transfer to a new location where she began self-procured chiropractic treatment with Stanley H. Jones, D.C., in May 1981. Dr. Jones submitted his first report to the Department in May 1981 and regularly submitted reports thereafter through March 1982. The Department paid Dr. Jones for applicant's treatment for a period in 1981 before terminating payments. Applicant's treatment with Dr. Jones continued, however, and an unpaid bill of $536.70 had accrued by April 1982, when she filed

---

[1]All further statutory references are to the Labor Code unless otherwise indicated.

an application with the Board to determine liability for future medical treatment as well as for the unpaid balance for previous self-procured treatment.

The parties agreed at the hearing in November 1982 before the workers' compensation judge that the issues were: the nature and extent of applicant's disability, apportionment, need for further medical treatment, self-procured medical treatment, and the lien claim of Dr. Jones. The Department withdrew the issue of the lien and self-procured treatment and agreed, before decision, to satisfy the lien of Dr. Jones.

The workers' compensation judge considered applicant's testimony and the medical files of each party, including the reports of two chiropractors, one engaged as an expert by the Department and the other by applicant, each of whom recommended that applicant continue her chiropractic treatment, up to twice per month, for one year or more, to cure or relieve her back problem. The judge also considered the report of the Department's expert, Robert W. Selle, M.D., an orthopedic surgeon, who stated that "with the immediate cessation of chiropractic manipulation and establishment of a supervised strengthening and posture program for the upper back and cervical area, . . . one might anticipate a permanent and stationary status in another three months."

The judge found that "[a]pplicant requires further medical treatment as outlined by Doctor Selle to cure or relieve from the effects of this injury, but not chiropractic care . . ." and awarded her further medical treatment as may be required "but not Chiropractic care." On a petition for reconsideration, the judge reported that he had inferred from Dr. Selle's report that ". . . the chiropractic treatment was at best palliative only, if not actually perpetuating the chronic strains . . ." and recommended that the petition be denied.

After receipt of the report and recommendation on petition for reconsideration of the workers' compensation judge, the Board issued an order incorporating the report of the judge and denying reconsideration.

█ Applicant contends that the Board's order excluding chiropractic care violates her right under section 4600 to have a physician or chiropractor of her choice and that the Board denied her due process because she was not given notice that the Department was seeking a change of physician. The Board and Department maintain that the only issue before this court is whether substantial evidence supports the exclusion of chiropractic treatment from the order.

*Discussion*

In 1975, the Legislature modified the provisions of the workers' compensation law relating to medical and hospital care of an injured employee by shifting from the employer to the employee the right, with certain limitations, to control medical treatment. (Stats. 1975, ch. 1259, §§ 1-9, pp. 3303-3305, eff. Jan. 1, 1976; *State Comp. Ins. Fund* v. *Workers' Comp. Appeals Bd.* (1977) 71 Cal.App.3d 133, 138-139 [139 Cal.Rptr. 410]; see generally 1 Herlick, Cal. Workers' Compensation Law (3d ed. 1984) § 4.18 et seq., p. 88 et seq.; Cal. Workmen's Compensation Practice (Cont.Ed.Bar Supp. June 1981) §§ 14.29-14.42, pp. 171-180.)

Section 4600, the basic provision imposing on the employer the obligation to furnish medical care to an injured employee, now provides in pertinent part: "Medical, surgical, *chiropractic,* and hospital treatment, . . . which is reasonably required to cure or relieve from the effects of the injury shall be provided by the employer. In the case of his [or her] neglect or refusal seasonably to do so, the employer is liable for the reasonable expense incurred by or on behalf of the employee in providing treatment. *After 30 days from the date the injury is reported, the employee may be treated by a physician of his [or her] own choice or at a facility of his [or her] own choice within a reasonable geographical area. . . .*" (Italics indicates 1975 amendments.) Further, under section 4601, the employee has the right to one change of physicians, subject to the right of the employer within five working days of the date of the request to furnish an alternate physician or chiropractor. Elsewhere, the term " '[p]hysician' " is specifically defined to include chiropractic practitioners (§ 3209.3), and the term "[m]edical . . . treatment" specifically includes services by chiropractic practitioners (§ 3209.5). (See *Betancourt* v. *Workmen's Comp. App. Bd.* (1971) 16 Cal.App.3d 408, 411-412 [9 Cal.Rptr. 9].)

The record before us does not reflect how the initial treating physicians and chiropractor were chosen. It is irrelevant, however, whether the applicant elected under section 4600 to be treated by a physician of her own choice 30 days after the injury and after a transfer to a new location or whether she elected under section 4601 to one change of physician. In either event the Department was properly notified by Dr. Jones that the applicant was undergoing chiropractic treatment with him for her industrial injuries. (§ 4603.2; Cal. Admin. Code, tit. 8, §§ 9781, 9783.) The Department failed to take any action after such notification, and the applicant's right to her free choice of treatment was established.

The Legislature has provided a method whereby an employer can petition for a change of the employee-selected physician. Section 4603 provides: "If

the employer desires a change of physicians or chiropractor, he [or she] may petition the administrative director who, upon a showing of good cause by the employer, may order the employer to provide a panel of five physicians, or if requested by the employee, four physicians and one chiropractor competent to treat the particular case, from which the employee must select one." Section 4603 is implemented by rules of the administrative director set forth in the California Administrative Code, title 8, sections 9786 and 9787. (For forms and discussion, see Cal. Workmen's Compensation Practice (Cont.Ed.Bar Supp. June 1981), *supra,* §§ 14.35-14.35C, pp. 173-179.)

Good cause to change an employee-selected physician or chiropractor includes a "clear showing evidenced by medical reports that current treatment is inappropriate and that the employer is prepared to offer more effective treatment to cure or relieve from the effects of the injury or illness; . . ." (Cal. Admin. Code, tit. 8, § 9786, subd. (b)(2).)

Although Dr. Selle's recommendation to terminate chiropractic treatment may have constituted "[g]ood cause" under this regulation, the issue was not properly before the workers' compensation judge, because the Department failed to follow the statutory procedure under section 4603 for raising it. We therefore do not consider whether substantial evidence supported the exclusion of chiropractic care in the award.

Under section 4603, the employer must first file a petition for changing the employee-selected physician with the administrative director of the Division of Industrial Accidents. The administrative director may "refer the matter to the Workers' Compensation Appeals Board for hearing and determination by a Workers' Compensation Judge of such factual determinations as may be requested by the Administrative Director." (Cal. Admin. Code, tit. 8, § 9786, subd. (d)(4).) Only if such a referral is made do the workers' compensation judge and the Board have authority to consider the issue. Conversely, "[t]he employer's contention that the employee is no longer in need of medical treatment to cure or relieve from the effects of the injury or illness should be directed to the Workers' Compensation Appeals Board, not the Administrative Director, . . ." (Cal. Admin. Code, tit. 8, § 9786, subd. (b).)

The workers' compensation judge acted in excess of authority, and that portion of the Board's order excluding chiropractic care from the award is

annulled. (See § 5952.) The matter is remanded to the Board for further proceedings consistent with this opinion.

White, P. J., and Scott, J., concurred.