[No. B222979. Second Dist., Div. Three. June 16, 2011.]

AIDS HEALTHCARE FOUNDATION et al., Plaintiffs and Appellants, v. LOS ANGELES COUNTY DEPARTMENT OF PUBLIC HEALTH, Defendant and Respondent.

CToNSEL

Tom Myers and F. Brian Chase for Plaintiffs and Appellants.

Andrea Sheridan Ordin, County Counsel, Richard K. Mason, Assistant County Counsel, Andrea E. Ross and Robert E. Ragland, Deputy County Counsel, for Defendant and Respondent.

OPINION

ALDRICH, J.—AIDS Healthcare Foundation and Michael Weinstein (collectively the Foundation) filed a petition for writ of mandamus, seeking to compel the health officer of the Department of Public Health for the County of Los Angeles (the Department) to issue a regulatory order that requires adult film industry performers to wear condoms in the production of hardcore pornography and to obtain hepatitis B vaccinations in an effort to stem the industrywide spread of sexually transmitted diseases and HIV. The trial court sustained a demurrer to the petition and entered a judgment of dismissal. We affirm.

The Health and Safety Code requires the Department's health officer to take disease control actions that are reasonably necessary or may be necessary to control the spread of communicable and venereal diseases in Los Angeles County (County). Those regulatory actions are dependent upon the individual case and give the Department's health officer discretion to choose among various measures, ranging from quarantine and isolation to physician referrals and testing in carrying out this duty. The Foundation asks this court in its writ petition to compel the Department to implement the Foundation's choice of regulatory measures to control the spread of sexually transmitted diseases and HIV in the adult film industry, or to compel the Department to act in the manner that the Foundation has alleged is the most effective means of controlling the spread of sexually transmitted diseases. A court, by way of mandamus, cannot substitute its discretion for that of legislative or executive bodies in matters committed to the discretion of those branches. Therefore, the trial court properly dismissed the mandamus petition.

## FACTS AND PROCEDURAL BACKGROUND

The Foundation filed a petition for writ of mandamus (Code Civ. Proc., § 1085) to compel the Department's health officer to "discharge its . . . duty to combat an acknowledged epidemic of sexually transmitted diseases stemming from the production of hardcore pornography in Los Angeles County."

### 1. *Demurrer to the Petition for Writ of Mandate*

In its initial petition, the Foundation alleged that pursuant to Health and Safety Code sections 120175[1] and 120575,[2] the Department's health officer has a nondiscretionary ministerial duty to take reasonable steps to stop the spread of "contagious, infectious or communicable disease[s]," and to stop the spread of "infectious venereal diseases" including sexually transmitted diseases due to practices in the hardcore pornography industry. The Department's health officer allegedly failed to take all measures reasonably necessary to prevent the transmission of diseases in the production of hardcore pornography.

The Foundation asked the court to issue a mandate directing the Department's health officer to require "all performers to use condoms in the making of hardcore pornography," or to take "any and all other reasonable steps necessary to stem the spread of sexually transmitted diseases in the production of pornography in Los Angeles County."

Following a successful demurrer filed by the Department in which it contended the health officer's statutory duties under sections 120175 and 120575 are discretionary, the Foundation filed a verified amended petition.[3]

### 2. *Facts Alleged in the First Amended Verified Petition*

The first amended verified petition (hereafter petition) expands the request for mandate and asks the court to compel the Department's health officer to issue a regulatory order that requires adult film performers to wear condoms

---

[1] Health and Safety Code section 120175 states: "Each health officer knowing or having reason to believe that any case of the diseases made reportable by regulation of the department, or any other contagious, infectious or communicable disease exists, or has recently existed, within the territory under his or her jurisdiction, shall take measures as may be necessary to prevent the spread of the disease or occurrence of additional cases."

Unless otherwise indicated, all further statutory references are to the Health and Safety Code.

[2] Section 120575 states: "It is the duty of the local health officers to use every available means to ascertain the existence of cases of infectious venereal diseases within their respective jurisdictions, to investigate all cases that are not, or probably are not, subject to proper control measures approved by the board, to ascertain so far as possible all sources of infection, and to take all measures reasonably necessary to prevent the transmission of infection."

[3] In opposition to the demurrer, the Foundation submitted the September 17, 2009 letter from Jonathan E. Fielding, M.D., M.P.H., the director of public health and health officer for the County of Los Angeles, to the Los Angeles County Board of Supervisors on the subject of the adult film industry. The four-page letter provides an "update on the Department of Public Health's (DPH) activities to investigate and address sexually transmitted disease related to the adult film industry (AFI)." The Foundation requested that the trial court take judicial notice of the letter. In its amended petition, the Foundation quotes portions of the Fielding letter.

in the production of hardcore pornography and to obtain hepatitis B vaccinations. Alternatively, the Foundation asks the court to find the health officer's failure to take *any* regulatory action constitutes an abuse of discretion, and the Foundation seeks a court order to compel the Department to take action.

Since the dismissal of this petition followed the trial court's ruling on demurrer, we set forth the properly pleaded material facts, but disregard contentions, deductions, or conclusions of law that are in abundance in this petition. We also consider matters that may be judicially noticed. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126 [119 Cal.Rptr.2d 709, 45 P.3d 1171].)

The Foundation is a global organization providing cutting-edge medicine, advocacy, and support services for people living with HIV throughout the world. Michael Weinstein is the president of the Foundation and a resident and taxpayer of the County.

The Department operates a sexually transmitted disease program with the stated mission of "[t]he prevention and control of sexually transmitted diseases in partnership with the communities of Los Angeles County." Sections 120175 and 120575 expressly charge the Department's health officer with a duty to take steps to stem any known outbreak of communicable diseases.

Los Angeles County is the "*de facto* capital of the hardcore pornography industry." During the filming of hardcore pornography, performers are exposed to a number of bodily fluids that may contain sexually transmitted diseases.

The practices of the hardcore pornography industry in Los Angeles County have led to recurrent outbreaks of sexually transmitted diseases, including "HIV/AIDS, gonorrhea, syphilis, chlamydia, hepatitis, genital human papillomavirus infection, and genital herpes." From April 2004 to March 2008, there were "2,847 STD infections diagnosed among 1,884 performers" in the hardcore pornography industry in Los Angeles County. There also have been multiple outbreaks of HIV within the hardcore pornography industry, the most recent outbreak in 2004.

The Department's health officer has documented that sexually transmitted diseases "are common among performers in hardcore pornography," and attributes the "epidemic of sexually transmitted diseases in the hardcore pornography industry to a lack of protective equipment for performers, including condoms."

The Department's health officer has acknowledged that condoms are highly effective in preventing HIV and other sexually transmitted diseases and

also acknowledges that requiring adult film performers to be vaccinated for hepatitis B would reduce the spread of sexually transmitted diseases. The Department's health officer, however, has not ordered either of these measures.

The Department's health officer allegedly has taken no effective steps to reduce the risk of infection to adult film performers and their nonindustry sexual partners. The Department's efforts to work with state agencies, including the state's Division of Occupational Safety and Health (CalOSHA) and the state Legislature to pass statewide laws governing the adult film industry, have produced no positive results.

Based upon these allegations, the petition states a cause of action for violation of (1) section 120575 (first cause of action) for failure to take " 'all measures reasonably necessary to prevent the transmission of infection' within the adult film industry"; (2) section 120175 (second cause of action) for failure to prevent the spread of sexually transmitted diseases within the adult film industry; and (3) for an abuse of discretion for failure to take any regulatory action.

The prayer for relief asks the court to issue a writ of mandate directing the Department's health officer to enforce sections 120175 and 120575 by "taking all reasonable steps to stem the spread of sexually transmitted diseases in the making of hardcore pornography," to require that adult film producers ensure performers are vaccinated for hepatitis B, and to require condom use in the production of adult films in Los Angeles County. In the alternative, the Foundation asked the court to declare that the Department's health officer has abused his discretion under sections 120175 and 120575 by failing to take action, and to direct the health officer to "cure that abuse of discretion."

### 3. *The Demurrer and Judgment of Dismissal*

The Department filed a demurrer on the ground that the petition did not state a cause of action for mandamus because the statutory duties under sections 120175 and 120575 are discretionary.[4]

---

[4] In its initial demurrer, the Department also contended the Foundation lacked standing. The Department, however, did not raise that ground in its subsequent demurrer. Although the Department did not raise the issue, contentions based on a lack of standing involve jurisdictional challenges and may be raised at any time in the proceedings. The Department relegated this issue to a footnote in its brief without any argument on the issue. The Foundation has standing because this case involves a public right, and the object of the mandamus is to enforce a public duty. (See *Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 439 [261 Cal.Rptr. 574, 777 P.2d 610].)

The trial court sustained the demurrer to the petition. The trial court restated its previous order on the demurrer to the initial petition. The Department's health officer cannot be compelled to exercise his discretion in a certain manner and cannot be compelled by mandate to take "any and all other reasonable steps necessary to stem the spread of sexually transmitted diseases in the production of pornography" because such an order requires the exercise of discretion and is so vague it would be unenforceable. The Department's motion to dismiss the petition was granted, and judgment of dismissal was entered on January 27, 2010. This appeal followed.

## DISCUSSION

### 1. *Standard of Review*

We independently review the petition to determine whether the Foundation has stated a viable cause of action for mandamus relief. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].)

A writ of mandate "may be issued by any court . . . to compel the performance of an act which the law specifically enjoins, as a duty resulting from an office, trust, or station . . . ." (Code Civ. Proc., § 1085, subd. (a).) The petitioner must demonstrate the public official or entity had a ministerial duty to perform, and the petitioner had a clear and beneficial right to performance. (*Santa Clara County Counsel Attys. Assn. v. Woodside* (1994) 7 Cal.4th 525, 539–540 [28 Cal.Rptr.2d 617, 869 P.2d 1142], superseded by statute on other grounds as stated in *Coachella Valley Mosquito & Vector Control Dist. v. California Public Employment Relations Bd.* (2005) 35 Cal.4th 1072, 1084–1086 [29 Cal.Rptr.3d 234, 112 P.3d 623]; *Loder v. Municipal Court* (1976) 17 Cal.3d 859, 863 [132 Cal.Rptr. 464, 553 P.2d 624].) Our concern here is with the failure to sufficiently allege the first of these requirements.

■ Generally, mandamus is available to compel a public agency's performance or to correct an agency's abuse of discretion when the action being compelled or corrected is ministerial. (*Rodriguez v. Solis* (1991) 1 Cal.App.4th 495, 501 [2 Cal.Rptr.2d 50].) "A ministerial act is an act that a public officer is required to perform in a prescribed manner in obedience to the mandate of legal authority and without regard to his [or her] own judgment or opinion concerning such act's propriety or impropriety, when a given state of facts exists. Discretion . . . is the power conferred on public functionaries to act officially according to the dictates of their own judgment. [Citation.]" (*Id.* at pp. 501–502; see also *Transdyn/Cresci JV v. City and County of San Francisco* (1999) 72 Cal.App.4th 746, 753–754, 758 [85 Cal.Rptr.2d 512].) Mandamus does not lie to compel a public agency to exercise discretionary powers in a

particular manner, only to compel it to exercise its discretion in some manner. (*Excelsior College v. Board of Registered Nursing* (2006) 136 Cal.App.4th 1218, 1238–1239 [39 Cal.Rptr.3d 618].)

### 2. *The Department's Authority to Act Is Discretionary Not Ministerial (First and Second Causes of Action)*

The Foundation contends that sections 120175 and 120575 impose a mandatory duty to act to control the spread of sexually transmitted diseases. The Foundation seeks to compel the Department to exercise its mandatory duty by issuing a regulatory order that adult film performers must wear condoms during the production of hardcore pornography and must obtain hepatitis B vaccinations.

Whether sections 120175 and 120575 impose a ministerial duty, for which mandamus will lie, or a mere obligation to perform a discretionary function is a question of statutory interpretation. (*Guzman v. County of Monterey* (2009) 46 Cal.4th 887, 898 [95 Cal.Rptr.3d 183, 209 P.3d 89].) "We examine the 'language, function and apparent purpose' " of the statute. (*Ibid.*) Although the term "shall" is defined as mandatory for purposes of the Health and Safety Code (§ 16), and appears in both sections 120175 and 120575, this term does not necessarily create a mandatory duty. "Even if mandatory language appears in [a] statute creating a duty, the duty is discretionary if the [public entity] must exercise significant discretion to perform the duty." (*Sonoma Ag Art v. Department of Food & Agriculture* (2004) 125 Cal.App.4th 122, 127 [22 Cal.Rptr.3d 468]; see also *County of Los Angeles v. Superior Court* (2002) 102 Cal.App.4th 627, 639 [125 Cal.Rptr.2d 637].) Thus, in addition to examining the statutory language, we must examine the entire statutory scheme to determine whether the Department's health officer has discretion to perform a mandatory duty. (See, e.g., *Creason v. Department of Health Services* (1998) 18 Cal.4th 623, 631 [76 Cal.Rptr.2d 489, 957 P.2d 1323].)

Section 120175 states that a health officer who knows or has reason to believe that any contagious, infectious or communicable disease exists, or recently existed "shall take measures as may be necessary to prevent the spread of the disease or occurrence of additional cases." (See fn. 1, *ante.*) Section 120575 specifically refers to venereal diseases[5] and states it is the duty of the health officer to investigate all cases, to ascertain the sources of infection, and to take "all measures reasonably necessary to prevent the transmission of infection." (See fn. 2, *ante.*)

---

[5] As defined in section 120500 " 'venereal diseases' means syphilis, gonorrhea, chancroid, lymphopathia venereum, granuloma inguinale, and chlamydia."

These statutes impose a mandatory duty on a health officer to take measures to prevent the spread of contagious and communicable diseases, in general, and specifically to prevent the transmission of infectious venereal diseases. (§§ 120175, 120575.) This duty is one of disease prevention and control, which establishes the goals and policies of the Department. The Department's health officer must take "measures as may be necessary," or "reasonably necessary," to achieve the Department's goals and policies, leaving the course of action to the health officer's discretion. The statutory scheme sets forth certain actions, ranging from quarantine and isolation for contagious and communicable diseases (See §§ 120200, 120205, 120210, 120215, 120225, 120585), to immunization requirements for the prevention of diseases (§ 120350 et seq.), to partner notification and partner-delivered treatment to prevent the spread of sexually transmitted diseases (§ 120582). These statutory measures, however, are not exhaustive or mandatory, giving the health officer discretion to act in a particular manner depending upon the circumstances. Based upon the overall statutory scheme, we find it unlikely that the Legislature intended for the health officer's mandatory duty to be carried out in a specific manner to control the spread of sexually transmitted diseases in a particular industry.

■ The Foundation maintains, however, that the health officer's mandatory duty includes taking "all measures," to control the spread of sexually transmitted diseases. Since the Department's health officer has acknowledged the widespread epidemic of sexually transmitted diseases in the adult film industry and admitted that the use of condoms would effectively prevent the spread of sexually transmitted diseases, the Foundation contends the Department's health officer must be compelled to issue a regulatory order mandating condom use. (§§ 120175, 120575.) As we have explained, the measures to be taken are qualified by reason, only those measures "reasonably necessary" or "may be necessary" must be taken for disease control and prevention. The Legislature has used these phrases to signal the exercise of discretion to carry out a mandatory duty, and whether the Department's health officer has acted "unreasonably" is not a question of whether he or she has failed to perform a ministerial act, for which mandamus will lie.

We find support for our construction of these statutes in cases construing the predecessor to section 120175, former section 3110 (*Derrick v. Ontario Community Hospital* (1975) 47 Cal.App.3d 145, 151–152 [120 Cal.Rptr. 566]), and former section 3285, which contains language similar to the language found in section 120575 (*Jones v. Czapkay* (1960) 182 Cal.App.2d 192, 200–201 [6 Cal.Rptr. 182]). These cases noted that the local health officer has a mandatory duty to take measures to prevent the spread of disease, but he or she has the discretion to determine the appropriate measures to be taken in a given case. (*Derrick v. Ontario Community Hospital, supra*, at pp. 151–152; *Jones v. Czapkay, supra*, at pp. 200–201.) In *Jones v.*

*Czapkay*, for example, the health officer was directed to use every available means to ascertain the existence of, and to investigate suspected or reported cases of, tuberculosis. (182 Cal.App.2d at p. 199.) The health officer, however, had discretion to determine whether quarantine or isolation or both were necessary in a given case to protect the public health. (*Ibid.*) Likewise, *In re Martin* (1948) 83 Cal.App.2d 164 [188 P.2d 287], a case the Foundation relies on, confirms the health officer's discretion to act in a particular manner, that is, to determine whether to quarantine two females believed to be exposed to venereal diseases.[6] (*Martin*, at pp. 167–168.)

The Foundation contends that even if the Department's health officer may exercise discretion, mandamus will lie here because there is a recognized exception where if the facts lead to only one choice, the court may compel the agency or official to make that choice. (See *Bank of Italy v. Johnson* (1926) 200 Cal. 1, 31 [251 P. 784].)[7] The Foundation alleges the only reasonable preventive course of action is a regulatory order mandating condom use and hepatitis B vaccinations. We find at least three problems with this position, which militate against invoking the exception. First, while the Foundation believes (and alleges) that a regulatory order is the only course of action, the petition also alleges the Department's health officer has acknowledged that condom use is effective, but not the only course of action. Second, the petition alleges other measures the Department has taken or considered, including state regulations, statewide legislation, and revisions to the county code, among others, that it deems as effective or more effective than a regulatory order that would be difficult, if not impossible, to enforce.[8] Third, even if the Foundation's course of action is allegedly recognized by the Department as effective, the Department has the discretion to determine whether a particular course of action is warranted, not the Foundation. (See *Common Cause v. Board of Supervisors, supra*, 49 Cal.3d at pp. 443–444.) As alleged, the exception does not apply.

---

[6] Section 120130, subdivision (c), for example, gives local health officers discretion to issue quarantine or isolation orders for diseases made reportable by the State Department of Public Health.

[7] *Bank of Italy v. Johnson, supra*, 200 Cal. 1, cites the exception, but the court did not rely on it and denied the writ. (*Id.* at pp. 38–39.) The court considered whether the facts led to only one conclusion, that is, the public interest would be promoted by the opening of a branch bank that the superintendent of banks had previously exercised discretion. to deny permission to open. (*Id.* at pp. 31–32.) The trial court concluded the exception does not apply if there is evidence to support more than one conclusion. (*Id.* at p. 32.) Under these circumstances, the court will not substitute its discretion in place of the public official's discretion.

[8] The Los Angeles City Council recently voted unanimously to draft an ordinance that would require condoms to be used on the set of every pornographic movie made in the city. (Lovett, *Condom Rule Sought for Sex-Film Sets* (Feb. 9, 2011) <http://www.nytimes.com/2011/02/10/health/policy/10porn.html> [as of June 16, 2011].)

■ A writ of mandate will not lie to impose the Foundation's discretion upon the Department's health officer. The Health and Safety Code does not require the Department to issue a regulatory order mandating condom use for performers in the adult film industry. Even if the Foundation believes the Department's efforts are not effective, the Foundation cannot obtain mandamus relief for this alleged violation. The decision on what steps to take to control the spread of sexually transmitted diseases is entrusted to the Department. Therefore, the demurrer to the first and second causes of action was properly sustained without leave to amend.

### 3. *The Petition Does Not Allege an Abuse of Discretion (Third Cause of Action)*

The Foundation contends that even if the statutory scheme vests the Department's health officer with discretion to act, mandamus will lie here because the petition alleges the Department is all "talk" and has failed to act to stem the spread of sexually transmitted diseases in the adult film industry. The Foundation alleges the Department's inaction is an abuse of discretion.

Mandamus will lie to command the exercise of discretion, that is, to compel some action. (*Common Cause v. Board of Supervisors, supra,* 49 Cal.3d at p. 442; *Morris v. Harper* (2001) 94 Cal.App.4th 52, 63 [114 Cal.Rptr.2d 62].) To compel the Department to take some action the Foundation must plead and prove the Department has failed to act, and its failure to act is arbitrary, beyond the bounds of reason, or in derogation of the applicable legal standards. (*California Correctional Supervisors Organization, Inc. v. Department of Corrections* (2002) 96 Cal.App.4th 824, 827 [117 Cal.Rptr.2d 595].) The petition does not allege an abuse of discretion.

The petition alleges the Department took actions in 2004, which included working with CalOSHA to develop a "model Exposure Control Plan," developing educational outreach plans in association with the "state Labor and Workforce Development Agency," requesting that CalOSHA investigate recent outbreaks of workplace infection, and providing additional testing services. The Foundation alleges these same actions were reported in the Fielding letter nearly five years later and add "nothing new to address the spread of STDS in the adult film industry." The petition alleges these steps are " '[j]ust [t]alk,' " ineffectual, and have made no impact, while the Department is aware of reasonable steps that would make an impact, including the mandatory use of condoms.

In other words, the Department's abuse of discretion arising from its "failure to act," is based upon the Foundation's belief that the Department's actions are ineffective, or have failed and are not aggressive enough, and only

a mandate by this court will compel the Department to act in a different manner. We cannot compel another branch of the government to exercise its discretion in a particular manner. (See *Common Cause v. Board of Supervisors, supra,* 49 Cal.3d at pp. 445–446.) We do not read the allegations in the petition as alleging the Department failed to take any action in conformity with its statutory authority. Thus, the petition fails to state a cause of action.

We are not persuaded by the cases the Foundation relies on to support this cause of action. We disregard the cases involving discretionary acts not subject to mandamus (*Common Cause v. Board of Supervisors, supra,* 49 Cal.3d at pp. 442–445; *Bank of Italy v. Johnson, supra,* 200 Cal. at pp. 38–39), and cases involving no discretion (*Sunset Drive Corp. v. City of Redlands* (1999) 73 Cal.App.4th 215, 222 [86 Cal.Rptr.2d 209]) for which mandamus will lie.

The remaining cases the Foundation relies on support the Department's position. (*Ballard v. Anderson* (1971) 4 Cal.3d 873, 884–885 [95 Cal.Rptr. 1, 484 P.2d 1345]; *Hollman v. Warren* (1948) 32 Cal.2d 351, 355–356 [196 P.2d 562], superseded by statute as noted in *Martinez v. Board of Parole Hearings* (2010) 183 Cal.App.4th 578, 589 [107 Cal.Rptr.3d 439]; see also *Betancourt v. Workmen's Comp. App. Bd.* (1971) 16 Cal.App.3d 408, 413 [94 Cal.Rptr. 9].) The *Ballard* and *Hollman* courts held mandamus would lie to compel the county and public official to exercise statutory authority and to consider the application and request, but neither court ordered a specific remedy. (*Ballard v. Anderson, supra,* at pp. 884–885; *Hollman v. Warren, supra,* at pp. 355–356.) In *Betancourt v. Workmen's Comp. App. Bd.,* the board could be compelled to enforce its own award because there was no other course of action. (*Betancourt v. Workmen's Comp. App. Bd., supra,* at p. 413.)

Neither *Ballard, Hollman,* nor *Betancourt* compelled action because the petitioner challenged the effectiveness of the agency's discretionary acts. The Department has not failed to act; based upon the allegations in the petition the Department has failed to act in the manner the Foundation believes is effective to stem the spread of sexually transmitted diseases. We cannot compel the Department to implement the Foundation's agenda. The Foundation's public policy advocacy is better directed at lawmakers to change the laws and workplace regulations.[9] The demurrer to this cause of action was properly sustained.

---

[9] CalOSHA has drafted proposed rules aimed at the adult film industry that would require film producers to mandate the use of condoms and to provide other preventive medical services. (Mohajer, *State discusses rules on condom use in porn industry* (June 7, 2011) <http://www.mercurynews.com/news/ci_18224052?nclick_check=1> [as of June 16, 2011].)

## DISPOSITION

The judgment of dismissal is affirmed. Each party to bear its own costs.

Klein, P. J., and Kitching, J., concurred.

Appellants' petition for review by the Supreme Court was denied August 31, 2011, S195129.