[No. H037233. Sixth Dist. June 26, 2012.]

NORINA MOONEY, Plaintiff and Appellant, v.
RICHARD GARCIA, as President, etc., et al., Defendants and Respondents.

[redacted]

[redacted]

## Counsel

Pacific Justice Institute, Kevin T. Snider and Matthew B. McReynolds for Plaintiff and Appellant.

Ruiz & Sperow, Celia M. Ruiz, Heather R. Coffman and Jerold Lawrence Hersh for Defendants and Respondents.

## Opinion

**MIHARA, J.**—Appellant Norina Mooney challenges the trial court's denial of her writ petition seeking to compel respondents Richard Garcia, president of the San Jose Unified School District board (the Board), and Vincent Matthews, San Jose Unified School District superintendent (collectively SJUSD), to place on the Board's agenda an item she proposed. She maintains that SJUSD had a *ministerial* duty under Education Code section 35145.5 to place her proposed item on the agenda. SJUSD contends that mandate relief is unavailable because the statute granted it a measure of *discretion* in making a decision as to whether a proposed item was "directly related to school district business" within the meaning of the statute. SJUSD contends that it did not abuse its discretion in rejecting the proposed item. We agree with SJUSD and affirm the trial court's order denying Mooney's writ petition.

### I. Education Code Section 35145.5

Education Code section 35145.5 provides, in its entirety: "It is the intent of the Legislature that members of the public be able to place matters directly related to school district business on the agenda of school district governing board meetings. Every agenda for regular meetings shall provide an opportunity for members of the public to directly address the governing board on any item of interest to the public, before or during the governing board's consideration of the item, that is within the subject matter jurisdiction of the governing board. Governing boards shall adopt reasonable regulations to insure that this intent is carried out. The regulations may specify reasonable

procedures to insure the proper functioning of governing board meetings. [¶] This subdivision shall not preclude the taking of testimony at regular meetings on matters not on the agenda which any member of the public may wish to bring before the board, provided that, except as authorized by Section 54954.2 of the Government Code, no action is taken by the board on those matters at the same meeting at which the testimony is taken. Nothing in this paragraph shall be deemed to limit further discussion on the same subject matter at a subsequent meeting."

## II. Factual and Procedural Background

Mooney is the parent of a child who attends Castillero Middle School in the San Jose Unified School District. On March 18, 2011, the "Gay-Straight Alliance," a student club at Castillero Middle School, hosted "Rainbow Day" to "promote anti-bullying awareness for gay, lesbian, bisexual and transgendered students." "Rainbow Day" was a "student-led" and "student-initiated" activity.

Mooney subsequently submitted to SJUSD a request that it place on the Board's agenda an item proposing that "Rainbow Day" be changed to an "all inclusive anti-bullying day." Her request was denied on the ground that the proposed item was not within the Board's "subject matter jurisdiction" because the Board "does not direct specific activities at individual schools."

On May 31, 2011, Mooney filed a verified writ of mandate petition under Code of Civil Procedure section 1085 seeking a writ compelling SJUSD to place her proposed item on the Board's agenda. The court denied her petition, and Mooney timely appealed.

## III. Discussion

Mooney contends that SJUSD had a ministerial duty to place her proposed item on the Board's agenda. SJUSD counters that its "ministerial duty" required only that it "receive and consider" her request, and it had discretion, which it did not abuse, to determine that the proposed agenda item was not "directly related to school district business." (Italics omitted.)

■ "A writ of mandate may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station . . . ." (Code Civ. Proc., § 1085, subd. (a).) "[M]andamus will not lie to control an exercise of discretion, i.e., to compel an official to exercise discretion in a particular manner. [Citation.] Generally, mandamus may only be employed to compel the performance of a duty that is *purely ministerial* in

character." (*Morris v. Harper* (2001) 94 Cal.App.4th 52, 62 [114 Cal.Rptr.2d 62], italics added.) "Mandate will not issue if the duty is not plain or is *mixed with discretionary power* or the exercise of judgment." (*Los Angeles County Prof. Peace Officers' Assn. v. County of Los Angeles* (2004) 115 Cal.App.4th 866, 869 [9 Cal.Rptr.3d 615], italics added (*LACPPOA*).) "Even if mandatory language appears in the statute creating a duty, the duty is discretionary if the [entity] must exercise significant discretion to perform the duty. [Citation.] We examine the entire statutory scheme to determine whether the [entity] must exercise significant discretion to perform a duty." (*Sonoma Ag Art v. Department of Food & Agriculture* (2004) 125 Cal.App.4th 122, 127 [22 Cal.Rptr.3d 468].)

■ "Whether [a statute] impose[s] a ministerial duty, for which mandamus will lie, or a mere obligation to perform a discretionary function is a question of statutory interpretation." (*AIDS Healthcare Foundation v. Los Angeles County Dept. of Public Health* (2011) 197 Cal.App.4th 693, 701 [128 Cal.Rptr.3d 292].) "In reviewing the trial court's ruling, we will affirm if substantial evidence supports its findings and judgment. To the extent questions of law such as statutory interpretation are involved, we exercise our independent judgment." (*LACPPOA, supra*, 115 Cal.App.4th at p. 869.)

The statutory language reveals that the duty it imposes on a school district to permit a member of the public to place an item on the school board's agenda is *not* purely ministerial but is mixed with discretionary power. The first two sentences of the statute deal with different subjects. The first sentence provides that the Legislature's "intent" is that members of the public "*be able* to place matters directly related to school district business on the agenda . . . ." (Ed. Code, § 35145.5, italics added.) The Legislature's use of the words "intent" and "be able" does not affirmatively reflect that it intended an inflexible mandate. Instead, this language indicates that the Legislature intended to encourage school districts to provide this opportunity to members of the public. More importantly, the Legislature's use of the phrase "directly related to school district business," which it left undefined, inherently requires the school district to exercise some *judgment* in determining which proposed items meet this standard. This first sentence, which is the one that Mooney invokes as the sole basis for her claim that SJUSD had a ministerial duty, concerns only a member of the public's opportunity to himself or herself place a matter on the Board's agenda.

The second sentence of the statute, which refers to matters "within the subject matter jurisdiction of the governing board" (Ed. Code, § 35145.5),

solely concerns, as Mooney acknowledges, a member of the public's opportunity to comment on items that are already on the Board's agenda.[1] Mooney does not claim that she attempted to avail herself of such an opportunity or was deprived of such an opportunity.

The third and fourth sentences of the statute confirm our conclusion that the Legislature intended to provide school districts with some level of discretion in determining which proposed agenda items meet the standard set forth in the first sentence. The Legislature explicitly acknowledged that its stated intent that these opportunities be provided to members of the public could not be achieved in the absence of Board-adopted "reasonable regulations" that "specify reasonable procedures" for the provision of these opportunities.[2] (Ed. Code, § 35145.5.) It explicitly delegated to school boards the power to adopt "reasonable" regulations and procedures under which these opportunities would be provided. By doing so, the Legislature necessarily established that it was providing for the exercise of *discretion* by school districts, rather than mandating a purely ministerial act.

Mooney relies on *Frazer v. Dixon Unified School Dist.* (1993) 18 Cal.App.4th 781 [22 Cal.Rptr.2d 641] (*Frazer*). The issue in *Frazer* was whether a member of the public had a right to place an item on the agenda of a "*special* meeting." (*Frazer*, at p. 791, italics added.) After concluding that there is no such right to do so under Education Code section 35145.5, the First District Court of Appeal went on to say that "[t]here remains, however, the requirement that members of the public have a right to place items on the agenda for all *regular* meetings of school boards . . . ." (*Frazer*, at p. 791.) The First District also stated that "school boards are required to 'adopt reasonable regulations to *insure*' that this right is protected, subject only to the limitation that the regulations may 'specify reasonable procedures to

---

[1] The second sentence of the statute requires that every Board agenda "provide an opportunity for members of the public to directly address the governing board on any item of interest to the public, *before or during the governing board's consideration of the item*, that is within the subject matter jurisdiction of the governing board." (Ed. Code, § 35145.5, italics & boldface added.) Since this "opportunity" need only be provided "before or during" the Board's consideration "of the item," it is clear that this sentence refers only to items *on the Board's agenda*. Obviously, as the statute explicitly acknowledges, the Board is not permitted to *consider* items *not* on its agenda. Mooney does not contend otherwise.

[2] The second paragraph of the statute does not itself contain any mandates at all. Mooney contends that the statute creates "three distinct and enforceable rights." (Capitalization & boldface omitted.) The third "right" that she identifies is the second paragraph's statement that the statute "shall not preclude" testimony by a member of the public about an item not on the agenda. A statement that the statute does not "preclude" such testimony is not a grant of a right of any kind. The other two "distinct . . . rights" identified by Mooney are the two different opportunities described in the first two sentences of the statute. (Capitalization & boldface omitted.) Since Mooney plainly asserts that she was deprived of the opportunity set forth in the first sentence, we need not further consider her "three . . . rights" argument, to which she devotes considerable briefing. (Capitalization & boldface omitted.)

insure the proper functioning of governing board meetings.' " (*Ibid.*) This portion of the First District's opinion in *Frazer* was entirely dicta, so it provides no support for Mooney's position. More importantly, the First District's incomplete paraphrase of the statute's language regarding an issue not before it was not directed at or intended to resolve the issue that is before us here: whether this "requirement" is purely ministerial or encompasses some exercise of discretion. We therefore reject Mooney's reliance on this language in the *Frazer* opinion. The First District's inclusion of this language in *Frazer* does nothing to convince us that the duty in question is ministerial.

■    Where the duty in question is not ministerial, mandate relief is unavailable unless the petitioner can demonstrate an abuse of discretion. " 'While, of course, it is the general rule that mandamus will not lie to control the discretion of a court or officer, meaning by that that it will not lie to force the exercise of discretion in a particular manner . . . [it] will lie to correct abuses of discretion . . . .' [Citation.] In determining whether an abuse of discretion has occurred, a court may not substitute its judgment for that of the administrative board [citation], and if reasonable minds may disagree as to the wisdom of the board's action, its determination must be upheld [citation]." (*Manjares v. Newton* (1966) 64 Cal.2d 365, 370–371 [49 Cal.Rptr. 805, 411 P.2d 901].) A decision is an abuse of discretion only if it is "arbitrary, capricious, entirely lacking in evidentiary support, unlawful, or procedurally unfair." (*Khan v. Los Angeles City Employees' Retirement System* (2010) 187 Cal.App.4th 98, 106 [113 Cal.Rptr.3d 417].)

■    Mooney contends at length that her proposed item qualified for placement on the agenda because it *did* "directly relate[] to school district business," but she does not explicitly claim that SJUSD *abused its discretion* in determining otherwise. SJUSD's decision not to place Mooney's proposed item on the Board's agenda was based on the rationale that the Board "does not direct specific activities at individual schools." The activity in question had been initiated and run by a student club, not district personnel, and had occurred at a single school on a single day. SJUSD's determination that Mooney's proposed agenda item concerning this activity did not "directly relate[] to school district business" was neither arbitrary nor capricious. This discretionary decision was supported by evidence that the propriety of this isolated student club activity was inadequately "related to school *district* business" to merit consideration by the Board given that the Board, as a matter of policy, did not "direct specific activities at individual schools." (Italics added.) Hence, SJUSD did not abuse its discretion in declining to place Mooney's proposed item on the Board's agenda.

Mooney nevertheless argues that the Board's *reasoning* was somehow invalid because the Board's regulations required the *creation* of a student

club to be approved by SJUSD, thereby, in her view, establishing that student clubs *are* "district business." The proposed agenda item did not concern the *creation* of a student club, but a single activity on a single day by an existing student club. Mooney points to no evidence that SJUSD had a policy of regulating each individual activity of each student club. The only evidence is to the contrary.

Mooney also argues that her proposed item directly related to district business because it concerned "anti-bullying," which is related to "district business." But Mooney did not propose that the Board consider mandating an antibullying day; her proposed agenda item was aimed at "*changing the annual Rainbow Day into*" an antibullying day. (Italics added.) SJUSD reasonably viewed this proposed agenda item as concerning a *change to Rainbow Day* rather than the proposed creation of an antibullying day. We express no opinion on whether SJUSD would have had an obligation to place on its agenda a proposed item concerning the independent creation of an antibullying day.

The superior court did not err in denying Mooney's mandate petition.

## IV.  Disposition

The superior court's order is affirmed.

Elia, Acting P. J., and Duffy, J.,* concurred.

A petition for a rehearing was denied July 19, 2012, and appellant's petition for review by the Supreme Court was denied September 26, 2012, S024456.

---

*Retired Associate Justice of the Court of Appeal, Sixth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.