Filed 4/2/21  Public Watchdogs v. Cal. State Lands Commission CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| PUBLIC WATCHDOGS,<br>　　Plaintiff and Appellant,<br><br>　　v.<br><br>CALIFORNIA STATE LANDS COMMISSION,<br>　　Defendant and Respondent;<br><br>SOUTHERN CALIFORNIA EDISON COMPANY et al.,<br>　　Real Parties in Interest and Respondents. | D077166<br><br><br>(Super. Ct. No.<br>37-2019-00020624-CU-WM-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy M. Casserly, Judge.  Affirmed.

Williams Iagmin and Jon R. Williams for Plaintiff and Appellant, Public Watchdogs.

Xavier Becerra, Attorney General, Daniel Olivas, Senior Assistant Attorney General, Jamee Jordan Patterson and Hayley Elizabeth Peterson, Deputy Attorneys General, for Defendant and Respondent, California State Lands Commission.

Alston & Bird and Edward J. Casey and Gina Angiolillo for Real Parties in Interest and Respondents, Southern California Edison Company, San Diego Gas & Electric Company, City of Anaheim and City of Riverside.

Appellant Public Watchdogs, a nonprofit corporation, advocates that government agencies and special interests comply with applicable laws, including public safety and environmental protection laws. Respondent is the California State Lands Commission (Commission), and real parties in interest and respondents are Southern California Edison Company, San Diego Gas & Electric Company, City of Anaheim and City of Riverside (collectively "respondents"). Public Watchdogs filed a petition for writ of mandate under the California Environmental Quality Act (CEQA). However, after Public Watchdogs failed to timely request a final hearing on its petition under Public Resources Code section 21167.4, subdivision (a), the court granted respondents' motion to dismiss the writ petition. The court also denied Public Watchdogs's motion to set aside the default under Code of Civil Procedure section 473, subdivision (b) (section 473(b)), brought on the basis that Public Watchdogs did not request the hearing date due to a calendaring mistake.[1]

Public Watchdogs contends the court abused its discretion by denying its section 473(b) motion because its excusable mistake related to simple calendaring; moreover, respondents did not suffer any prejudice from the mistake. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 22, 2019, Public Watchdogs's counsel from the law firm of Barnes & Thornburg, filed the writ petition alleging three causes of action;

---

[1] Public Watchdogs does not address the court's decision to dismiss its writ petition.

however, the parties stipulated to the dismissal of two of the claims. The only remaining claim alleged a CEQA violation regarding a decision of Commission that: (1) certified a final environmental impact report and (2) approved a project regarding decontaminating and dismantling the San Onofre Nuclear Generation Station (which included disposal of about 2 million pounds of spent nuclear fuel). Among other things, Public Watchdogs alleged that Commission (1) failed to analyze aspects of the project by piecemealing approval of the plan, and (2) refused to delay the vote certifying the environmental impact report and approving the project despite the fact a Nuclear Regulatory Commission report regarding safety concerns was scheduled to be made public only four days later.

On July 30, 2019, respondents moved to dismiss the petition under Public Resources Code section 21167.4[2] because Public Watchdogs was required to file a request for a hearing on the petition by July 22, 2019, but did not do so.

The next day, Public Watchdogs moved for relief from default under section 473(b) for its failure to timely file a request for a hearing on the petition. One of Public Watchdogs's attorneys, Jad Davis, submitted a declaration in support of this motion, arguing for relief based on his "mistake, inadvertence, surprise, and excusable neglect." He stated his law firm (Shook, Hardy & Bacon, LLP) did not have an electronic calendaring system to manage such deadlines. Davis stated that initially he and his paralegal had calendared July 22, 2019, as the last date to file a request for a hearing

---

[2] Public Resources Code section 21167.4, subdivision (a) provides: "In any action or proceeding alleging noncompliance with this division, the petitioner shall request a hearing within 90 days from the date of filing the petition or shall be subject to dismissal on the court's own motion or on the motion of any party interested in the action or proceeding."

date; however, he "mistakenly believed May 17, 2019[,] was the date the [p]etition was filed, because of the May 2019 call I had with co-counsel for [r]espondent." Accordingly, he instructed his paralegal to set August 15, 2019, as the new deadline to request the hearing. On June 20, 2019, Davis and his law firm associated into the case as counsel for Public Watchdogs. Davis said he also believed that new deadline was correct because on July 9, 2019, he agreed to respondents' request for a stipulation to extend the deadline to prepare and certify the administrative record from July 15, 2019, until September 13, 2019. He pointed out that on July 16, 2019, the court granted that time extension.

Davis stated in the declaration that he realized his mistake on July 30, 2019, when he read respondents' motion to dismiss the petition. The next day he filed a request for a CEQA hearing date. Davis claimed that respondents were not prejudiced by his "nine-day delay" in seeking a hearing date because of the stipulated time-extension to prepare the administrative record. Public Watchdogs argued that Davis "made a mistake by mis-calendaring the deadline to [r]equest a CEQA hearing. This is the type of mistake that anyone could have made." Davis sought relief under the discretionary section of section 473(b).

Davis's co-counsel from the Barnes & Thornburg law firm stated in a supporting declaration that she participated in the May 21, 2009 telephone call during which the parties "agreed that the service date was May 17, 2019[,] and that future CEQA deadlines would be calculated based on that date."

In opposition to Public Watchdogs's motion, respondents argued Davis's arguments lacked credibility because Public Watchdogs knew the filing date of its own petition, as the caption pages of Davis's own filings from before the

4

July 22, 2019 deadline stated that the petition was filed on April 22, 2019. They also argued Davis's errors " 'involved matters peculiar to the legal profession' and cannot be considered an error that a reasonable person would make in the same circumstances. [Citation.] It certainly falls below the standard of care for an attorney who filed the petition not to know the date that it filed the petition or for any new counsel that has joined the case not to confirm the basic procedural posture of the case with his co-counsel." (Some capitalization omitted.) Respondents argued that even if Davis made mistakes of law, those mistakes were not based on any complex or debatable provision in Public Resources Code section 21167.4, and his lack of diligence in confirming the applicable deadline was not reasonable, therefore he was not entitled to relief under section 473(b).

An attorney for respondents stated in a declaration that from May to July 2019, Public Watchdogs and Davis filed with the court three different pleadings that specified the correct filing date on each caption page. Another attorney for respondents stated in a declaration that during the May 21, 2019 telephone call with Davis, they never discussed the petition's filing date, but rather the service date. She also stated that on June 4, 2019, Commission filed a notice of a CEQA settlement meeting, which included the petition's correct filing date on the caption page.

Following arguments by counsel, the court pointed out that Public Watchdogs was not arguing it had made a mistake of law, but only that it had made a clerical mistake. The court therefore distinguished this case from others cited by petitioner that hold, " ' "An honest mistake of law is a valid ground for relief where a problem is complex and debatable." ' [Citation.] The controlling factors in determining whether an attorney's mistake is excusable are (1) the reasonableness of the misconception; and (2)

5

the justifiability of the failure to determine the correct law." (*Miller v. City of Hermosa Beach* (1993) 13 Cal.App.4th 1118, 1136, *McCormick v. Bd. of Supervisors* (1988) 198 Cal.App.3d 352, 360.)  The court further explained: "Determining the difference between the terms 'filing' and 'serving,' which are legal terms of art, and, specifically, determining the difference between those words in the context of construing how to calculate the time set forth in Public Resources Code [section] 21167.4 strikes the [c]ourt as a legal issue." The court found that "[t]here is some confusion on this point even within the *Declaration of Attorney Davis*.  Specifically, [he] declares that after the call with counsel for [r]espondent he 'thought. . . May 17, 2019[,] was the date the petition was *served*' . . . , but also declares that he 'mistakenly believed May 17, 2019[,] was the date the petition was *filed*, because of the May 21, 2019 call [he] had with counsel for [r]espondent." (Some capitalization omitted.) The court continued, "Petitioner frames the mistake that occurred in the instant case as a clerical error of miscalendaring, rather than a mistake of law or legal error . . . .  [¶]  The Court does not find it to be so.  The facts provided do not describe this as an error of *transcription . . . counting . . .* [or] *miscommunication.*"  Instead, the court concluded:  "The facts provided describe an attorney error in instructing the paralegal to *count from the wrong legal date*—the *service* date instead of the *filing* date.  That kind of error is not the kind of clerical issue for which discretionary relief under [section] 473(b) was designed—at least not in the CEQA context where a court must exercise discretion and weigh other considerations like the public policy built into the CEQA statute designed to prevent delays because, in the CEQA context, a lawsuit and accompanying delays can many times be used to stall, thwart, or even kill an otherwise appropriate project."

The Court further reasoned: "[E]ven if the [c]ourt were to indulge the notion that Attorney Davis was factually mistaken about the filing date in a way that could be characterized as 'clerical,' that does not establish that other counsel, who was just as much an attorney of record for Petitioner, made the same mistake. Second, the entire basis of Attorney Davis's claim to have been mistaken about the filing date in this case rests on a factual indulgence that belies the adversarial process—that Attorney Davis should be relying on the representations of *opposing* counsel in calculating the statutory deadlines that apply to his client. While courts certainly encourage good working relationships between opposing counsel, here Attorney Davis essentially declares that he relied upon opposing counsel when calculating the deadline for meeting his client's legal obligations." The court added, "To the extent that these facts suggest that Attorney Davis relied upon opposing counsel's representations about the date of filing (or date of service), such reliance on opposing counsel (rather than confirming the actual court record) is not the kind of mistake tha[t] can be described as 'clerical' or 'excusable.' " The court concluded that, "as a matter of law, it cannot grant relief under the mandatory provision of [section 473(b)] and, as a matter of discretion, declines to grant relief under the discretionary provision." Accordingly, the court denied Public Watchdogs's motion for relief from default, and granted respondents' motion to dismiss the petition.

## DISCUSSION

Public Watchdogs contends the trial court abused its discretion by declining to set aside the default under section 473(b), because it quickly requested relief, the relief would not have prejudiced respondents, and it provided a sufficient excuse for its failure to timely file the request for the hearing date based on its calendaring mistake.

7

"Section 473(b) contains two distinct provisions for relief from default. The first provision . . . , is discretionary and broad in scope: 'The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect.' [Citation.] The second provision is mandatory, at least for purposes of [Code of Civil Procedure] section 473, and narrowly covers only default judgments and defaults that will result in the entry of judgments. This provision . . . declares as follows: 'Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect.' " (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 838-839.)

" 'In determining whether the attorney's mistake or inadvertence was excusable, "the court inquires whether 'a reasonably prudent *person* under the same or similar circumstances' might have made the same error.["] [Citation.] In other words, the discretionary relief provision of [Code of Civil Procedure] section 473 only permits relief from attorney error "fairly imputable to the client, i.e., mistakes anyone could have made." ' " (*Comunidad en Accion* v. *Los Angeles City Council* (2013) 219 Cal.App.4th 1116, 1132.)

8

The complaining party has the burden of establishing entitlement to relief by a preponderance of the evidence. (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1423.) " '[B]ecause the law strongly favors trial and disposition on the merits, any doubts in applying [Code of Civil Procedure] section 473 must be resolved in favor of the party seeking relief from default. [Citations.]' [Citation.] However, ' . . . if a party fails to show that a judgment [or order] has been taken against him through his mistake, inadvertence, surprise or excusable neglect the court may not grant relief. It has no discretion.' " (*Parage v. Couedel* (1997) 60 Cal.App.4th 1037, 1042.)

A trial court's decision on a motion to set aside an order under section 473(b) will not be disturbed on appeal absent a clear showing of abuse of discretion. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257.) We must defer to the trial court's credibility assessments and accept the "court's factual finding that there *was* no mistake unless there is no substantial evidence to support it." (*McClain v. Kissler* (2019) 39 Cal.App.5th 399, 418; see *Solv-All v. Superior Court* (2005) 131 Cal.App.4th 1003, 1007.) "A decision is an abuse of discretion only if it is 'arbitrary, capricious, entirely lacking in evidentiary support, unlawful, or procedurally unfair.' " (*Mooney v. Garcia* (2012) 207 Cal.App.4th 229, 235.)

Section 473(b) "clearly involves an assessment of credibility by the trial court." (*Johnson v. Pratt & Whitney Canada, Inc.* (1994) 28 Cal.App.4th 613, 622; accord, *Milton v. Perperceptual Development Corp.* (1997) 53 Cal.App.4th 861, 867 [section 473(b) is a "credibility testing device" and also "a causation testing device," and a trial court's finding on the causation issue will be affirmed so long as it is supported by substantial evidence].) "When, as here, 'the evidence gives rise to conflicting reasonable inferences, one of which

9

supports the findings of the trial court, the trial court's finding is conclusive on appeal.' " (*Johnson v. Pratt & Whitney Canada, Inc.,* at p. 623.)

We conclude the trial court did not abuse its discretion, as its decision was not arbitrary, capricious or entirely lacking in evidentiary support. It issued a reasoned decision, explained the contradictions in petitioner's positions, and distinguished the cases petitioner cited. It denied Public Watchdogs's request after thoroughly analyzing the arguments presented and made a credibility determination that is binding on us, even if we would have resolved the matter differently if we were deciding it in the first instance. We must defer to the trial judge's assessment of Davis's credibility. (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 828 ["It is the province of the trial court to determine the credibility of the declarants and to weigh the evidence."].) Only honest mistakes are grounds for relief under Code of Civil Procedure section 473. (See *Solv-All v. Superior Court, supra* 131 Cal.App.4th at p. 1008 [affirming denial of discretionary relief where there was reason to question credibility of defendant's attorney regarding his awareness of potential for default].) The court impliedly concluded that Davis lacked credibility, and that conclusion is supported by the fact that, as mentioned in the respondents' declarations, some of Davis's court pleadings filed in this case stated the petition's correct filing date. Moreover, the court could have reasonably doubted Davis's claim of clerical error because petitioners initially calendared the petition's correct filing date, and Davis changed it to the incorrect one, even though one of respondents' attorneys declared that they never discussed the issue of the petition's filing date at the meeting which Davis claimed prompted his recalendaring.

We point out in support of the court's decision that it was guided by the policy regarding strict compliance with CEQA guidelines to accomplish the

10

goals of that statute. "CEQA requires assessment of the environmental consequences of activities approved or carried out by public agencies. [Citations.] Allegations that the public agency failed in its duty to make an adequate environmental assessment must be expeditiously resolved, and CEQA contains a number of procedural provisions evidencing legislative intent that the public interest is not served unless CEQA challenges are promptly filed and diligently prosecuted. [Citation.] For example, CEQA sets short statutes of limitations of only 30 to 180 days in length, requires a settlement conference within 45 days of service of the petition, and grants trial preference over all other civil actions. [Citations.] 'Patently, there is legislative concern that CEQA challenges, with their obvious potential for financial prejudice and disruption, must not be permitted to drag on to the potential serious injury of the real party in interest.' " (*Nacimiento Regional Water Management Advisory Committee v. Monterey County Water Resources Agency* (2004) 122 Cal.App.4th 961, 965.)

## DISPOSITION

The judgment is affirmed.  Respondents are entitled to costs on appeal.


O'ROURKE, J.

WE CONCUR:


HUFFMAN, Acting P. J.


DATO, J.