Filed 8/15/22 Snyder v. Dept. of Corrections and Rehabilitation CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ROBERT SNYDER,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS AND REHABILITATION et al.,<br><br>Defendants and Respondents. | F081087<br><br>(Super. Ct. No. 18C0297)<br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County. Kathy Ciuffini, Judge.

Robert Snyder, in pro. per., for Plaintiff and Appellant.

Matthew Rodriquez, Acting Attorney General, Phillip J. Lindsay, Assistant Attorney General, Maria G. Chan and Janine W. Boomer, Deputy Attorneys General, for Defendants and Respondents.

-ooOoo-

---

[*]     Before Hill, P. J., Smith, J. and DeSantos, J.

Appellant Robert Snyder (Snyder) is an inmate held by the Department of Corrections and Rehabilitation (respondent).[1] Faced with what Snyder alleges is a repetitive pattern of issues concerning the care of his personal property when he is transferred from one prison to another, Snyder filed a first amended petition for writ of mandamus (the petition) seeking to ensure his property arrived in a timely manner after his next transfer. The trial court sustained respondent's demurrer to the petition without leave to amend and entered judgment. The court determined the setting of specific deadlines for the return of property was not a ministerial duty subject to mandamus relief. For the reasons set forth below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The petition contended that prison staff regularly fail to deliver Snyder's personal property to him in a timely manner after he is transferred from one prison to the next. The petition argued that the regulations in place that govern the storage and return of prisoner property are constitutionally infirm because they lack a specific deadline for returning the property to the prisoner. Relying on exemplary prior incidents he has experienced, Snyder stated that the failure to return property in a timely manner is a problem that is likely to frequently recur. The petition requested a ruling that the controlling regulations are invalid without a time frame and implied that a 72-hour timeframe would be appropriate.

Respondent demurred to the petition, arguing that there was no ministerial duty to deliver property within a set timeframe, that the setting of a timeframe for the return of property was a discretionary decision, and that Snyder had failed to exhaust his administrative remedies. Following a hearing, the trial court agreed with respondent and dismissed the petition without leave to amend. The court found respondent had no ministerial duty to amend its regulations to establish a specific timeframe, that the

---

[1]     Also named as a respondent is the warden of Corcoran State Prison, Ken Clark.

modification of regulations was a discretionary act granted to the Secretary of the Department of Corrections and Rehabilitation, not respondent, and that Snyder's claims were not properly exhausted.

This appeal timely followed.

## DISCUSSION

### *Standard of Review*

"A traditional mandamus is sought to enforce a nondiscretionary duty to act on the part of a court, an administrative agency, or officers of a corporate or administrative agency. [Citations.] There are two requirements essential to issuance of a writ of mandate under Code of Civil Procedure section 1085: (1) the respondent has a clear, present, and usually ministerial duty to act; and (2) the petitioner has a clear, present, and beneficial right to performance of that duty. [Citations.] Mandate will not issue to compel action unless it is shown the duty to do the thing asked for is plain and unmixed with discretionary power or the exercise of judgment. (*Hutchinson v. City of Sacramento* [(1993)] 17 Cal.App.4th [791,] 796.) Thus, a petition for writ of mandamus under Code of Civil Procedure section 1085 may only be employed to compel the performance of a duty that is purely ministerial in character. [Citation.] In addition, a petitioner is required to show there was no adequate remedy at law available to remedy the resulting harm." (*Unnamed Physician v. Board of Trustees* (2001) 93 Cal.App.4th 607, 618.)

"The party against whom a complaint has been filed may 'object by demurrer on the ground that "[t]he pleading does not state facts sufficient to constitute a cause of action ...." ' " (*May v. City of Milpitas* (2013) 217 Cal.App.4th 1307, 1323.) " 'The right of the respondent in a mandamus proceeding to test the legal sufficiency of the petition for a writ by demurrer thereto has always been recognized by the courts of this state.' " (*Ibid*.) We review an order sustaining a demurrer de novo to determine whether it alleges facts that can support a cause of action under any theory. (*Id.* at p. 1324.)

3.

## *The Petition Did Not Seek To Enforce A Ministerial Duty*

The core dispute in this case, as framed by the petition, is whether the current regulations governing the storage and return of property to prisoners when they are transferred or moved should be modified to include a specific timeframe for completing the transfer. It is undisputed between the parties that no current timeframe for completing the return of property exists.[2] Moreover, Snyder points to no law, and this court has identified none, that sets an absolute timeline for the return of property after a move based on constitutional or statutory principles. Snyder has thus failed to point to any ministerial duty on the part of respondent to act under the facts alleged.

Even where regulations mandate some form of action, if that action is discretionary, a writ of mandate will be properly subject to demurrer. (See *Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 206–207 [regulation requiring compensation for loss or destruction of properly labeled inmate property does not include ministerial duty to compensate for property confiscated as contraband due to improper labeling]; *AIDS Healthcare Foundation v. Los Angeles County Dept. of Public Health* (2011) 197 Cal.App.4th 693, 701–703 [regulation requiring agency to act to prevent spread of communicable diseases does not include a ministerial duty to require use of condoms].) Here, while Snyder has alleged a ministerial duty to return property, he has not and cannot allege that there is a ministerial duty to act within a specific timeframe. Accordingly, the trial court did not error in sustaining the demurrer in this case.

---

[2]     Neither party focuses upon a specific regulation, although Snyder generally cites to California Code of Regulations, title 15, section 3190 et seq. California Code of Regulations, title 15, section 3190 includes multiple subdivisions requiring the inventorying, storing, and return of an inmate's property. (See Cal. Code Regs., tit. 15, § 3190, subds. (f), (u), (v).) The closest regulatory requirement relating to returning property states "all allowable property shall be returned." (Cal. Code Regs., tit. 15, § 3190, subd. (v).)

With respect to any duty to modify the regulations to add a specific timeframe within which to return property, it is well settled in the law that modifications to the law, including to regulations, are discretionary acts. (See *Hutchinson v. City of Sacramento*, *supra*, 17 Cal.App.4th at p. 796 ["As the trial court recognized, the enactment or amendment of a speed limit ordinance is not a ministerial act, but a legislative one involving the exercise of discretion."]; *In re Cabrera* (2012) 55 Cal.4th 683, 688 [noting the Department of Corrections and Rehabilitation has been given broad discretion to promulgate what amount to quasi-legislative rules within the bounds of the lawmaking authority granted].) Thus, while Snyder argues for a right to amend the petition to include the Secretary of the Department of Corrections and Rehabilitation, such an amendment would not cure the flaw in the petition.[3] Regardless of whether the question is focused upon a warden enforcing or an agency modifying the regulations, the relevant party is acting within their discretionary authority under the facts alleged and is thus not subject to direction by mandate. Relatedly, contrary to Snyder's arguments, the facts here do not show a complete failure to act as there is a regulation in place, just one that Snyder contends is insufficient to properly protect prisoner's property interests. (See *AIDS Healthcare Foundation v. Los Angeles County Dept. of Public Health*, *supra*, 197 Cal.App.4th at pp. 704–705 [allegations of ineffective action are not sufficient to force respondent to act based on principle that one who fails to act at all can be forced to act].)

Finally, to the extent Snyder contends reversal is required because it is unclear why there were multiple judges ruling on various matters in this case or because the change in judges demonstrated bias against Snyder's position, we see no reversible error. Snyder has failed to identify any reason why certain motions had to be ruled on by any

---

[3] Nor is Snyder's claim that a warden may issue certain regulations under Penal Code section 2086 compelling, as Snyder alleges no emergency situation nor any basis to conclude that the generation of such regulations are not discretionary acts.

one judge nor any law precluding the transfer of the case if that is, indeed, what happened. Even if such a showing were made, however, we would find no due process violation as the ruling of the trial court in this case was correct as a matter of law and, thus, Snyder's argument that the court's ruling demonstrates prejudice rings hollow. (See *People v. Freeman* (2010) 47 Cal.4th 993, 1006 [due process violation requires facts sufficient to infer actual prejudice].)

Ultimately, while Snyder raises important issues surrounding the system for managing prisoner property during transfers and moves, particularly if Snyder's experiences are taken as true, the facts alleged do not support relief in the form of a writ of mandate.

## DISPOSITION

The judgment is affirmed.

The parties shall bear their own costs on appeal.